Note -The cases of Brown, Campbell & Co. v. the adm’rs of Craig and Cleary, and Alston v. Taylor, post 378 & 381, seem to establish the position, that p,rson who receives unnegotiable paper, is not hound, to thf same diligence as if he had taken a negotiable instrument under an endorsement, and that he shall not be liable to any loss, unless timer all the circumstances of the case, he be deemed to have neglected to use reasonable diligence in the coll, ction of the claims.— With regard to negotiable instruments, our Courts have seemed at *6 loss in establishing tbe reasonable time within wliich an endorsee must give notice to his endorser in order to charge him. ffmias, Judge, in-the first case above referred to, says, “ it has been determined in our Courts, that a year shall be the longest time allowed for the giving tills notice.” In the case of Gardiner v Jones, 2 Murph. 429, Daniel, Judge, says, “ In this State no fixed rule has been established, within what time notice of a demand and non-payment should be given ” Hut in that case, fifteen months were held to be too long. Subsequent cases have shewn a disposition in the Courts to adopt the strictness of the English law, at least in banking and mercantile transactions. In the Slate Bank v. Smith, 3 Marph. 70, where a note fell due on the 11th, and notice was not given to the endorser who lived in the same town, until the 17th of the same month, the endorsev was held to be discharged by the delay. It was said by the Court, that even if they should allow three days of grace, yet notice should have been given on the 15th, and the delay til! the 17th was too long. In Brittain ex’r of Brown v. Johnston, 1 Dev. R. 293 The Court (after an advisaria) say, that “ where the parties all reside in the same town, and are engaged in mercantile pursuits, or have transactions with a bank,” the Court have considered themselves warranted in requiring the utmost diligence in such circumstances.” But the same case decides, that among- farmers resident in the country, less strictness is required, and that ten or twelve days delay was not too long. Yancy v. Littlejohn, 2 Hawks 525, holds, that where the parties all resided in the same village, four months delay would discharge the endorser. The correct principle deducible from a view of all the cases seems to be, that the question of reasonable diligence (which is to be determined by the jury, under the directions of the Court) must be ascertained bv a consideration of the pursuits and residence of the parties respectively. Brown’s ex’r v. Johnston, 1 Dev. 293. That a witness may be introduced to explain the condition of an assignment, is established by the case of Wright v. Latham, 3 Murp. 298, in which it was decided by Hall & IIendiuison, Judges, agains Taylor, Chief-Justice, that parol testimony was admissible to prove a contract variant from what the law implies upon a common endorsement.